PER CURIAM.
David Leonard challenges, as illegal, the thirty-year sentence he received when the trial court revoked the probation he was serving on a second-degree felony. Initially, this court determined that it was without jurisdiction to entertain this issue on direct appeal and dismissed the appeal without prejudice to Leonard to file a motion pursuant to Florida Rule of Criminal Procedure 3.800(a). See Leonard v. State, 731 So.2d 2 (Fla. 2d DCA 1998). Our opinion dismissing the appeal was quashed by the Florida Supreme Court and the appeal was reinstated and remanded for consideration on the merits, See Leonard v. State, 760 So.2d 114 (Fla.2000).
Leonard’s claim has merit and, therefore, we reverse. In circuit court case number 89-7782, Leonard was sentenced to fifteen years of probation for the offense of performing a lewd and lascivious act on a child, a second-degree felony pursuant to section 800.04(1), Florida Statutes (1987). When his probation was revoked, the trial court sentenced him to thirty years in prison, which exceeded the statutory maximum of fifteen years for the second-degree felony. See § 775.082(3)(c), Fla. Stat. (1987).
Accordingly, we reverse and remand for resentencing.
ALTENBERND, A.C.J., FULMER and CASANUEVA, JJ., Concur.